WO                                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corey Demar Shivers,        ) | No. CV 09-1243-PHX-GMS (JRI) |
| Plaintiff,        ) | **ORDER** |
| vs.        ) | |
| Phoenix Police Department, et al.,        ) | |
| Defendants.        ) | |

Plaintiff Corey Demar Shivers, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc.# 1.) In an Order filed on August 3, 2009, the Court ordered a response by Defendants Kamp and Moore to Plaintiff's claim for excessive use of force in Count I of the First Amended Complaint. (Doc.# 8.) The Court dismissed the remaining claims and Defendants, including Defendant April Sponsel. (Id.) On November 10, 2009, Plaintiff filed a document captioned "Plaintiff's Motion to Rubuttal [sic] Immunity Given to Maricopa County Attorney April Arlene Sponsel." (Doc.# 20.) That motion is construed as a motion for reconsideration, which will be denied.

/   /   /

**I.      Standard for Reconsideration**

Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rather, such arguments should be directed to the court of appeals. Sullivan v. Faras-RLS Group, Ltd., 795 F. Supp. 305, 309 (D. Ariz. 1992).

Plaintiff seeks reconsideration of the dismissal of Defendant Sponsel, a Deputy Maricopa County Attorney based on prosecutorial immunity. In Plaintiff's First Amended Complaint, Plaintiff alleged the following: On February 20, 2009, Plaintiff came to a sentencing hearing for his brother, Michael Wayne Roper, in Superior Court.[1] Phoenix Police Officer Kamp and Sponsel told Superior Court Judge Lee that Plaintiff was a convicted and documented gang member. Judge Lee nevertheless accepted a letter from Plaintiff and reduced his brother's sentence. After the sentencing, Plaintiff asked Sponsel why she had slandered him. Sponsel did not respond, but Kamp told Plaintiff that he was going to put Plaintiff in prison too. Plaintiff denied that he was a gang-member or that he had been convicted or documented as a gang-member.

On May 2, 2009, Kamp arrested Plaintiff for threatening Kamp and another officer

---

[1] In his Complaint, Plaintiff identified Michael Roper as the brother being sentenced. According to Superior Court minute entries available on-line, Roper pleaded guilty and was sentenced in cases CR2008-009130, CR2008-135994, and CR2008-160569. Kamp addressed the Court in connection with CR2008-160569. On June 4, 2009, Roper was arraigned on gang charges in case# CR2009-133618. See http://www.court minutes.maricopa.gov/docs/Criminal/062009/m3745394.pdf.

after Kamp asked Plaintiff to produce proof of insurance while Plaintiff was buying gas.[2] Plaintiff denied that he threatened Kamp and Moore and claimed that he was falsely charged in accordance with Kamp's statement following Roper's sentencing.

On May 21, 2009, Kamp and Sponsel stated at a hearing in Plaintiff's criminal cases that Plaintiff was a documented and convicted gang-member and that they had photographs of Plaintiff associating with known gang members. Plaintiff asserted these claims were false and were made solely to ensure that high bond was set. Although Kamp and Sponsel were allegedly unable to present evidence of Plaintiff's gang affiliation at the hearing, cash bond of $60,000 was set, which Plaintiff was unable to post. Plaintiff alleges that high bond was set, which he was unable to post, due to the statements made by Sponsel and Kamp. He alleges that his business, family, and personal interests were adversely affected due to his inability to post bond.

The Court dismissed Sponsel based on prosecutorial immunity stating:

> Plaintiff sues Deputy County Attorney Sponsel for statements she made regarding him at his brother's sentencing and at Plaintiff's criminal proceedings. A prosecutor is absolutely immune from liability under § 1983 for her conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler, 424 U.S. at 430-431); Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986). Immunity extends to a prosecutor "eliciting false or defamatory testimony from witnesses" or for making false or defamatory statements during, and related to judicial proceedings. Buckley, 509 U.S. 259, 270 (1993) (citations omitted). Plaintiff's allegations against Sponsel solely concern conduct in connection with and related to judicial proceedings for which she is entitled to immunity. Sponsel, therefore, will be dismissed.

(Doc.# 8 at 5.)

In his motion for reconsideration, Plaintiff merely argues that Sponsel is not entitled to immunity under the Eleventh Amendment and that she is a "person" within the meaning

---

[2] According to Superior Court minute entries available on-line, on May 18, 2009, Plaintiff was arraigned on gang charges in Maricopa County Superior Court in CR2009-130017. See http://www.courtminutes.maricopa.gov/docs/Criminal/052009/m3721347.pdf. On June 8, 2009, Plaintiff was arraigned on charges in case# CR2009-134188. See http://www.courtminutes.maricopa.gov /docs/Criminal/062009/m3760586.pdf.

of § 1983. The Court did not dismiss Sponsel based on Eleventh Amendment immunity, nor did the Court find that Sponsel was not a "person" within the meaning of § 1983. Rather, the Court dismissed Sponsel based on prosecutorial immunity because Plaintiff only complained of statements made by Sponsel in court proceedings. As the Court previously stated, Sponsel has prosecutorial immunity as to that conduct. Plaintiff has not alleged or demonstrated newly discovered evidence, that the Court clearly erred, or that there has been an intervening change in the controlling law. Plaintiff's motion for reconsideration will therefore be denied.

**II.    Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**IT IS ORDERED:**

(1)    The reference to the Magistrate Judge is withdrawn solely as to "Plaintiff's Motion to Rebuttal [sic] Immunity." (Doc.# 20.)

(2)    "Plaintiff's Motion to Rebuttal [sic] Immunity" is construed as a motion for

1 | reconsideration of the dismissal of April Sponsel as a Defendant, which is **denied**.  (Doc.#
2 | 20.).

DATED this 19th day of November, 2009.

_____
G. Murray Snow
United States District Judge