**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corey Demar Shivers,<br><br>    Plaintiff,<br><br>vs.<br><br>Phoenix Police Department, et al.,<br><br>    Defendant. | No. CV-09-1243-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss, which was filed on February 5, 2010. (Doc. 50). On July 6, 2010 Magistrate Judge Jay R. Irwin issued a Report and Recommendation ("R & R") in which he recommended that the Court grant Defendants' Motion and dismiss this case. (Doc. 73). Plaintiff filed Written Objections to the R & R July 13, 2010 (Dkt. 75);however, because his Objections are without merit, the Court accepts the R & R as set forth below.

**STANDARD OF REVIEW**

Federal district courts "'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].'" *Carrillo-Lozano v. Stolc*, 669 F. Supp.2d 1074, 1076 (D. Ariz. 2009) (quoting 28 U.S.C. § 636(b)(1)); *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While a district judge "must review the magistrate judge's findings and recommendations *de novo if objection is made*," *Schmidt v.*

*Johnstone*, 263 F. Supp.2d 1219, 1225 (D. Ariz. 2003)), no such review is necessary when the parties do not raise specific objections. *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection"); *see* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [R & R] to which objection is made."); *Carrillo-Lozano*, 669 F. Supp.2d at 1076 (same).

**DISCUSSION**

Upon *de novo* review of the portions of the R & R to which Petitioner has specifically objected, the Court finds Judge Irwin's recommendation to dismiss to be well-taken.

Despite repeated warnings, second chances, and extensions of time, Plaintiff has not complied with the Judge Irwin's previous orders. As noted by Judge Irwin, Plaintiff has repeatedly failed to comply with orders pertaining to a discovery planning conference, and he has failed to submit a joint discovery plan. (Doc. 73 at 5–6). Judge Irwin also determined that Plaintiff demonstrated not only contrariness, but a "lack of candor with the Court and opposing parties." *Id.* at 8. Plaintiffs' objections to the R & R do not address these concerns. Instead, Plaintiff attests that he has complied with Defendants' discovery requests and that his claim is "very important" to him. These points, however, were not the basis for Judge Irwin's R & R. Judge Irwin was clearly concerned with Plaintiff's repeated refusal to comply with court orders, warnings, and his lack of candor.

As Judge Irwin pointed out, dismissal of a complaint's case for failure to prosecute is a severe sanction. Accordingly, the Ninth Circuit has established "a five-part 'test' to determine whether a dismissal sanction is just: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket[]; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)); *see Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive

sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs*, 158 F.3d at 1057. Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Id.*

Applying factor 3, Defendants will be prejudiced by Plaintiff's continued recalcitrant behavior and refusal to comply with the Court's orders. Defendants have taken timely action to address Plaintiff's claims and reduce the cost and complexity of this litigation, and Plaintiff's refusal to comply and efforts to delay this litigation, if permitted to continue, will only frustrate those efforts. Applying factor 5, the Court concludes that a dismissal sanction is appropriate. Judge Irwin has apprised Plaintiff of his behavior and repeatedly warned him that failure to comply with court orders could result in dismissal of this case.

**IT IS THEREFORE ORDERED ACCEPTING** Judge Irwin's R&R (Doc. 73) as set forth in this Order and **GRANTING** Defendants' Motion to Dismiss (Doc. 50).

**IT IS FURTHER ORDERED** that the parties' other pending motions are **DENIED** as moot (*See* Doc. 68, 70).

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to **TERMINATE** this action with prejudice.

DATED this 9th day of August, 2010.

_____
G. Murray Snow
United States District Judge